# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

KIMBERLY O'NEILL,

                Plaintiff,

    -against-

TARGET CORPORATION, d/b/a TARGET,

                Defendant.

-----------------------------------------------------------------X

**SUMMONS**

Index No.:
Date Purchased:

Plaintiff designates NASSAU County as the place of trial

Basis of Venue:
Location of Incident

Location of Incident:
2003 Broadway Mall,
Hicksville, New York 11801

**TO THE ABOVE DEFENDANT**

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff(s) Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
       January 11, 2021

BRETT J. HARRISON
THE HARRISON LAW GROUP, P.C.
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 400
Melville, New York 11747
(631) 465-9797

Defendant's Address:

TARGET CORPORATION
1000 NICOLLET MALL
MINNEAPOLIS, MINNESOTA, 55403
*VIA SECTRETARY OF STATE*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
KIMBERLY O'NEILL,

       Plaintiff,

-against-

TARGET CORPORATION, d/b/a TARGET,

       Defendant.
-------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index No.:
Date Purchased:

  Plaintiff, by her attorneys, THE HARRISON LAW GROUP, P.C., complaining of the Defendant herein, alleges the following upon information and belief:

  1. That at all times herein mentioned, Plaintiff, **KIMBERLY O'NEILL**, was and still is a resident of the County of Nassau, State of New York.

  2. That at all times herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** was and still is a domestic corporation, created, organized and duly existing under and by virtue of the laws of the State of New York.

  3. That at all times herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** was and still is a foreign corporation duly authorized to conduct business in the State of New York.

  4. That at all times herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** was and still is a foreign corporation neither authorized nor qualified to conduct business in the State of New York.

  5. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** was and still is a limited liability company, organized and existing under and by the virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION, d/b/a TARGET,** was and still is a partnership duly organized and existing under and by the virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION, d/b/a TARGET,** was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** conducts business under the firm name and style of TARGET.

9. Upon information and belief, and at the time herein mentioned and prior to, the Defendant, **TARGET CORPORATION, d/b/a TARGET,** had an ownership interest and financial participation in TARGET.

10. Upon information and belief, and at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** maintains a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403.

11. Upon information and belief, and at the time herein mentioned, there was a store located at 2003 Broadway Mall, Hicksville, County of Nassau, State of New York, known as TARGET, (hereinafter referred to as the **"PREMISES"**).

12. Upon information and belief, and at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** owned said PREMISES.

13. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** did operate the said PREMISES.

14. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** did managed the said PREMISES.

15. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** did maintained the said PREMISES.

16. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** did controlled the said PREMISES.

17. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** was a tenant in possession of the said **PREMISES.**

18. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** did lease the said **PREMISES** from another party.

19. Upon information and belief, at the time herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** did lease the said **PREMISES** from another party, pursuant to a written agreement.

20. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** by its agents, servants, officers and/or employees, owned, operated, controlled, maintained and/or managed the **PREMISES** and its floors, including the area which is the subject of this action.

21. At the times herein mentioned, Defendant, **TARGET CORPORATION, d/b/a TARGET,** was required to keep and maintain the said **PREMISES** in a safe and usable condition for patrons lawfully therein.

22. That Plaintiff, **KIMBERLY O'NEILL**, was at all times hereinafter mentioned, lawfully present on the **PREMISES**.

23. On May 22, 2018, Plaintiff, **KIMBERLY O'NEILL**, while a customer and lawfully at the said **PREMISES**, was caused to slip and fall due to the presence of water and/or liquid on the floor, thereby causing her to sustain serious permanent personal injuries and other damages.

24. The incident complained of, and injuries and damages hereinafter alleged, were caused solely by the carelessness and negligence of the Defendant, **TARGET CORPORATION, d/b/a TARGET,** its officers, agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and control, if at all, of the aforesaid **PREMISES**, without any culpable conduct on the part of the Plaintiff contributing thereto.

25. The Defendant, its agents, servants and/or employees had actual and/or constructive notice of the wet and slippery condition of the floor in the area where the Plaintiff fell in that said condition was visible and apparent and existed for a sufficient length of time to enable the defendant, its agents, servants and/or employees to discover and remedy the same.

26. As a result of the incident complained of, Plaintiff, **KIMBERLY O'NEILL**, was injured.

27. As a result of the incident complained of, Plaintiff, **KIMBERLY O'NEILL**, was seriously injured.

28. As a result of the incident complained of, Plaintiff, **KIMBERLY O'NEILL**, sustained serious and severe personal injuries, mental anguish, pain and suffering and loss of enjoyment of life, some of which are continuing or permanent. She has required medical care and treatment and will require further medical care and treatment. She has been disabled from attending to her usual activities, which disabilities

are continuing and may be permanent. She has been compelled to expend money or incur obligations for services and expenses for her care and treatment, which may continue.

29. As a result of the foregoing, Plaintiff, **KIMBERLY O'NEILL**, has been rendered sick, sore, lame, maimed and disabled, and so remains; she has been unable to attend to her usual vocation and activities; and that she has been obliged to expend and will in the future expend sums of money for medical aid and attention.

30. As a result of the foregoing, Plaintiff, **KIMBERLY O'NEILL**, has been incapacitated from returning to her usual occupation and activities, has suffered pecuniary losses, and will sustain continuing incapacity and/or other damages.

31. Said injuries are permanent in nature and duration, and were caused, precipitated, aggravated and/or exacerbated by the occurrence herein. That to the extent the above injuries conditions and/or diagnoses are shown to pre-date the accident, then such injuries, conditions and/or diagnoses were latent and inactive, and as a result of this accident, were activated, accelerated and exacerbated.

32. By reason of the foregoing, Plaintiff, **KIMBERLY O'NEILL**, claims substantial damages in a sum in excess of the monetary jurisdiction of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, **TARGET CORPORATION, d/b/a TARGET**, in an amount that exceeds the jurisdictional limits of all Courts that would otherwise have jurisdiction, together with the costs and disbursements of this action and such further relief as this Court deems just and proper.

Dated:  Melville, New York
        January 11, 2021

Yours, etc.

**BRETT J. HARRISON, ESQ.**
**THE HARRISON LAW GROUP, P.C.**
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 400
Melville, New York 11747
(631) 465-9797

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                                ss.:
COUNTY OF SUFFOLK )

I, **BRETT J. HARRISON**, an attorney duly admitted to practice in the State of New York, under penalties of perjury, affirms the following to be true:

I am a member of **THE HARRISON LAW GROUP, P.C.**, attorneys of record for Plaintiff, **KIMBERLY O'NEILL**. I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my files.

This verification is made by me because the Plaintiff is not presently in the county wherein I maintain my offices.

Dated:   Melville, New York
         January 11, 2021

                                                    _____
                                                    **BRETT J. HARRISON, ESQ.**

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

KIMBERLY O'NEILL,

*Plaintiff,*

-against-

TARGET CORPORATION, d/b/a TARGET,

*Defendants.*

---

**SUMMONS & VERIFIED COMPLAINT**

---

**THE HARRISON LAW GROUP, P.C.**
*Attorneys for Plaintiff*
**KIMBERLY O'NEILL**
445 BROAD HOLLOW ROAD, SUITE 400
MELVILLE, NEW YORK 11747
TELEPHONE: (631) 465-9797
TELECOPIER: (631) 465-9799

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

BRETT J. HARRISON, ESQ.

---

**Sir: Please take notice**
NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                2021
NOTICE OF SETTLEMENT
that an order                                          of which the within is a true copy will be presented   for
settlement to the HON.                                                     one of the judges

of the within named Court, at
on the            day of                    2021    at         M.

Dated:

Yours, etc.
THE HARRISON LAW GROUP, P.C.
*Attorneys for Plaintiff*
**KIMBERLY O'NEILL**
445 BROAD HOLLOW ROAD, SUITE 400
MELVILLE, NEW YORK 11747
TELEPHONE: (631) 465-9797
TELECOPIER: (631) 465-9799