UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KIMBERLY O'NEILL,

                Plaintiff,

- against -

TARGET CORPORATION,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-3262 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

Plaintiff Kimberly O'Neill brought this personal injury action against Defendant Target Corporation in the Supreme Court of New York, Nassau County. On June 9, 2021, Defendant removed the action to this Court. Because Defendant has not adequately alleged subject-matter jurisdiction, the Court *sua sponte* remands this action to the state court.

## BACKGROUND

On May 22, 2018, while shopping at one of Defendant's stores in Hicksville, New York, Plaintiff slipped and fell because of some liquid on the floor. (Complaint, Dkt. 1-1, ¶¶ 11, 23.) Plaintiff alleges that as a result of the fall she has "sustain[ed] serious permanent personal injuries and other damages." (*Id.* ¶ 23.) Plaintiff filed a Complaint in the state court on January 11, 2021, which "claims substantial damages in a sum in excess of the monetary jurisdiction of all lower Courts which would otherwise have jurisdiction." (*Id.* ¶ 32.)

On May 19, 2021, in response to Defendant's request, Plaintiff served Defendant with a Bill of Particulars. (Notice of Removal, Dkt. 1, ¶ 5.) The Bill of Particulars "alleges [P]laintiff suffered serious and permanent injury to fourteen (14) different body parts as a result of the accident," and "further allege[s] that [P]laintiff's injuries incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical

1

providers/facilities." (*Id.* ¶ 6; *see also* Bill of Particulars, Dkt. 1-3, ¶¶ 10, 14, 17.) Additionally, the Bill of Particulars alleges a list of "special damages," including hospital expenses, physicians' expenses, nurses' expenses, dental expenses, medicine and medical expenses, ambulance expenses, x-ray expenses, loss of earnings, and other out-of-pocket expenses. (Bill of Particulars, Dkt. 1-3, ¶ 18.) Nowhere does the Bill of Particulars allege any specific amount of damages.

On June 9, 2021, Defendant filed a Notice of Removal. (Dkt. 1.) In removing this case, Defendant invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332 as the basis for federal subject-matter jurisdiction. (*See id.* ¶¶ 3–5.) Defendant alleges that complete diversity exists because Plaintiff is a citizen of New York and Defendant is a Minnesota corporation with its principal place of business in Minnesota. (*Id.* ¶¶ 3–4.) Defendant asserts that the Bill of Particulars "support[s] that the amount in controversy exceeds $75,000," given the alleged number of injured body parts, loss of employment, and extent of Plaintiff's medical treatment. (*See id.* ¶¶ 5–6.)

**DISCUSSION**

It is axiomatic that "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Shakour v. Fed. Republic of Ger.*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002) ("District courts must police subject matter jurisdiction on their own initiative." (citations omitted)). Indeed, the removal provisions explicitly provide: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Second Circuit has construed this statutory provision as authorizing a district court to remand a case *sua sponte* at any time upon finding that it lacks subject-matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435

F.3d 127, 133 (2d Cir. 2006) (citing, *inter alia*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

In any case removed from state court on the basis of federal diversity jurisdiction, the removing party bears the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Where "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* at 273–74 (citation omitted). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo*, 28 F.3d at 274). Indeed, "a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) (internal quotation marks omitted) (citing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam)); *see also Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) ("[T]he amount in controversy is not established until 'plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.'" (quoting *Moltner*, 624 F.3d at 38)).

Here, Defendant fails to meet its burden of showing that the jurisdictional amount in controversy required for diversity jurisdiction is satisfied. The Complaint itself merely states that the sum of damages is "in excess of the monetary jurisdiction of all lower Courts which would otherwise have jurisdiction." (Complaint, Dkt. 1-1, ¶ 32.) This boilerplate allegation simply refers to the fact that the lower civil courts of New York may not entertain actions seeking to recover more than $25,000. *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 & n.3 (S.D.N.Y. May 23, 2008) (collecting cases).

Nor do the allegations in Plaintiff's Bill of Particulars carry Defendant's burden of establishing the jurisdictional amount in controversy. Defendant points out that the Bill of Particulars "alleges [P]laintiff suffered serious and permanent injury to fourteen (14) different body parts as a result of the accident," and that "[P]laintiff's injuries incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities." (Notice of Removal, Dkt. 1, ¶ 6.) But these allegations do not permit the Court to draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000. *See, e.g.*, *Brown v. NutriBullet, LLC*, No. 19-CV-5421 (PKC) (ST), 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (remanding where the plaintiff's complaint alleged that plaintiff "suffer[ed] personal injuries requiring medical treatment, including but not limited to burns to his face and body and corneal burns to his right eye, [] was [] sick, sore and lame and . . . suffer[ed] great pain and emotional distress" (alterations in original)); *Burtis v. Samin*, No. 18-CV-2789 (DLI) (VMS), 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (finding that no reasonable inference could be drawn about the amount in controversy from allegations in the plaintiff's complaint that he "suffered serious and severe injuries to his neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Noguera*, 2011 WL 5117598, at

*3 (finding allegations that the plaintiff sustained "serious and permanent personal injuries . . . including neck trauma, back trauma, contusions, abrasions, bruises and swelling about her body resulting in substantial and related pain" to be insufficient to establish a reasonable probability that the required amount in controversy was satisfied). The Bill of Particulars includes a list of alleged "special damages," but provides nothing regarding the specific amount or extent of any of these alleged damages.[1] (*See* Bill of Particulars, Dkt. 1-3, ¶ 18.) Therefore, the Court can draw no reasonable, non-speculative conclusion about the amount in controversy from this list of alleged damages.

Accordingly, the Court finds that Defendant's Notice of Removal is insufficient to support the exercise of federal subject-matter jurisdiction because it fails to show that there is a reasonable probability that the amount in controversy exceeds $75,000. The Court notes that state law provides a simple mechanism for Defendant to ascertain the amount in controversy. Under New York law, a defendant in an action to recover damages for personal injuries "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). "Rather than prematurely removing the action to this Court, Defendant should have availed [it]self of this law, pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (citation omitted); *see also Cavaleri v. Amgen, Inc.*, No. 20-CV-1762 (PKC) (RML), 2021 WL 878555, at *2–3, *2 n.2 (E.D.N.Y. Mar. 8, 2021) (*sua sponte* remanding a prematurely removed action); *Casas v. Brewer*, —F. Supp. 3d—, No. 21-CV-927 (BMC), 2021 WL 781744, at *1–2 (E.D.N.Y. Mar. 1, 2021)

---

[1] Each item in the list of alleged damages is accompanied by the statement "to be provided under separate cover." (*See* Bill of Particulars, Dkt. 1-3, ¶ 18.) What information is "to be provided under separate cover" is a mystery to the Court.

(same); *Torres v. O'Brien-Briggs*, No. 20-CV-5360 (PKC) (RLM), 2020 WL 7024368, at *2–4, *3 n.3 (E.D.N.Y. Nov. 30, 2020) (same); *King v. J.B. Hunt Transport, Inc.*, No. 20-CV-5310 (PKC) (RER), 2020 WL 6545905, at *2–3, *2 n.3 (E.D.N.Y. Nov. 6, 2020) (same); *Agha v. Ramirez*, No. 19-CV-478 (DLI) (RER), 2020 WL 6200185, at *2–3 (E.D.N.Y. Oct. 21, 2020) (same); *Islam v. Hertz Vehicles, LLC*, No. 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2–3, *2 n.2 (E.D.N.Y. Oct. 5, 2020) (same); *Abuladze v. Batista*, 20-CV-3310 (PKC) (CLP), 2020 WL 4369633, at *2–3, *2 n.3 (E.D.N.Y. July 30, 2020) (same); *Ventura v. Air Wolf, Inc.*, No. 20-CV-1841 (PKC) (RER), 2020 WL 1941279, at *2–3, *2 n.2 (E.D.N.Y. Apr. 22, 2020) (same); *Blackwell v. Ryder Truck Rental, Inc.*, No. 19-CV-5561 (PKC) (PK), 2019 WL 5291182, at *2 & n.1 (E.D.N.Y. Oct. 18, 2019) (same).

## CONCLUSION

This case is remanded to the Supreme Court of New York, Nassau County, under Index No. 600341/2021, for lack of federal subject-matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 25, 2021
      Brooklyn, New York